NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230817-U

NO. 4-23-0817

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 22, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| ANTWON M. HAYES, | ) | No. 22CF192 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Frank R. Fuhr, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Doherty and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's pretrial detention order was proper, and defendant was not
denied effective assistance of counsel.

¶ 2    Defendant, Antwon M. Hayes, appeals the Rock Island County circuit court's
September 19, 2023, order detaining him under section 110-6.1(a)(1) and (a)(8) of the Code of
Criminal Procedure of 1963 (Procedure Code) as amended by Public Acts 101-652, § 10-255 and
102-1104, § 70 (eff. Jan. 1, 2023) (725 ILCS 5/110-6.1(a)(1), (8) (West 2022)).  On appeal,
defendant raises the following three alternative arguments:  (1) the court erred by granting the
State's petition because the State was not authorized to file a petition to detain a defendant who
remained in custody after having been ordered released on the condition of depositing security,
(2) counsel was ineffective for failing to move to strike the State's petition, or (3) the court's
order should be reversed based on defendant's arguments at the detention hearing.  We affirm.

¶ 3                              I. BACKGROUND

¶ 4            On March 4, 2022, the State charged defendant by information with one count of

first degree murder (720 ILCS 5/9-1(a)(1) (West 2022)) for the death of Robert Rhone. The

information asserted defendant personally discharged the firearm that proximately caused

Rhone's death and thus defendant was subject to a mandatory minimum sentence of 45 years'

imprisonment under section 5-8-1(a)(1)(d)(iii) of the Unified Code of Corrections (730 ILCS

5/5-8-1(a)(1)(d)(iii) (West 2022)). The next day, the circuit court set defendant's bail at $2

million. Bail remained at $2 million, and defendant did not post bond.

¶ 5            On September 11, 2023, defendant filed a motion seeking pretrial release under

sections 110-2(a) and 110-6.1(e) of the Procedure Code (725 ILCS 5/110-2(a), 110-6.1(e) (West

2022)). Three days later, the State filed a petition to deny defendant pretrial release under

section 110-6.1(a)(1) of the Procedure Code (725 ILCS 5/110-6.1(a)(1) (West 2022)). Under our

supreme court's decision in *Rowe v. Raoul*, 2023 IL 129248, ¶ 52, Public Acts 101-652 and

102-1104 became effective on September 18, 2023.

¶ 6            On September 19, 2023, the circuit court held a detention hearing, at which the

State orally amended its petition to include an allegation defendant had a high likelihood of

willful flight to avoid prosecution pursuant to section 110-6.1(a)(8) of the Procedure Code (725

ILCS 5/110-6.1(a)(8) (West 2022)). In support of its contentions, the State noted it had charged

defendant with first degree murder with a firearm enhancement resulting in a mandatory

minimum sentence of 45 years' imprisonment. It further explained it had witnesses whose

testimony would show defendant had just dropped his son off at school when he saw the victim

with whom he had an ongoing dispute. The victim exchanged words with defendant, and

defendant then pulled out a gun and started shooting. Defendant shot at the victim as he was

running away and then stood over the victim and shot him two more times in the head at close range. The incident took place while school was in session and was captured on the school's security cameras. Given the nature of the offense, the State contended defendant posed a great risk to the community and was a flight risk due to the range of his sentence. Defense counsel stated the victim had been threatening defendant for some time and approached defendant as he was standing at the bus stop on his way to work. Defense counsel emphasized defendant did not have a criminal record and the burden was on the State to prove defendant was a threat to the community.

¶ 7        At the conclusion of the hearing, the circuit court entered an order for detention based on both allegations raised by the State. On September 21, 2023, defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 604(h)(2) (eff. Sept. 18, 2023). Thus, this court has jurisdiction of defendant's appeal under Rule 604(h).

¶ 8                                II. ANALYSIS

¶ 9        As previously stated, defendant raised three alternative arguments in his appellant memorandum. The State filed a motion to dismiss defendant's appeal asserting defendant had forfeited his contentions or, in the alternative, this court should affirm the detention order. Defendant did not file a response. This court took the State's motion with the case. We now deny the State's motion but consider its arguments in addressing defendant's petition on the merits.

¶ 10        A. State's Ability to File a Petition to Deny Pretrial Release

¶ 11        Defendant first asserts the circuit court erred when it granted the State's petition to detain defendant because section 110-6.1(c) of the Procedure Code (725 ILCS 5/110-6.1(c) (West 2022)) does not allow the State to file such a petition for defendants who remain in

- 3 -

custody after they were ordered released on the condition of depositing security. He also alleges counsel was ineffective for failing to move to strike the State's petition. The State contends defendant has forfeited any objection to the circuit court proceeding on its petition to detain because defendant did not raise the issue in the circuit court. We agree with the State defendant forfeited this argument.

¶ 12        It is well-established for a criminal defendant to preserve an issue for review on appeal, the defendant must object at trial. *People v. Jackson*, 2022 IL 127256, ¶ 15, 211 N.E.3d 414. An objection is required because failure to do so deprives the circuit court of an opportunity to correct the error which wastes time and judicial resources. *Jackson*, 2022 IL 127256, ¶ 15. Moreover, the forfeiture rule "prevents criminal defendants from sitting idly by and knowingly allowing an irregular proceeding to go forward only to seek reversal due to the error when the outcome of the proceeding is not favorable." *Jackson*, 2022 IL 127256, ¶ 15. Since defendant did not challenge the State's authority to file its petition to detain in the circuit, defendant has forfeited this argument.

¶ 13                    B. Ineffective Assistance of Counsel

¶ 14        As to defendant's claim his counsel was ineffective for failing to file a motion to strike the State's petition to detain, we analyze such claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999). To obtain reversal under *Strickland*, a defendant must prove (1) counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64. Defendant cannot establish prejudice because he had filed his own motion seeking pretrial release under section 110-6.1(e) of the Procedure Code (725 ILCS 5/110-6.1(e) (West

2022)).  Thus, if the State's motion had been struck, the circuit court would have proceeded on defendant's motion.  As such, defendant was not denied effective assistance of counsel.

¶ 15                              C. Merits of the Detention Order

¶ 16            As to the circuit court's finding defendant's detention was warranted, we review that matter under the abuse of discretion standard.  *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11.  A circuit court abuses its discretion when its decision is "arbitrary, fanciful or unreasonable, or where no reasonable person would agree with the position adopted by the [circuit] court."  (Internal quotation marks omitted.)  *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 17            At the detention hearing, the State noted the charge and lengthy minimum sentence.  It also set forth the eyewitnesses' description of the circumstances of the offense.  Specifically, defendant shot at the victim as he was running away and then stood over the victim and shot him two more times in the head at close range.  Moreover, the incident took place while school was in session.  Defense counsel noted defendant did not have a criminal record, and the victim had been threatening defendant for some time, and it was the victim who approached defendant.  Based on the aforementioned facts, we do not find the circuit court abused its discretion in granting the State's petition because defendant was a danger to the community and a high risk of willful flight.

¶ 18                              III. CONCLUSION

¶ 19            For the reasons stated, we affirm the Rock Island County circuit court's judgment.

¶ 20            Affirmed.