2023 IL App (2d) 230348-U
No. 2-23-0348
Order filed December 20, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-114 |
| DYLAN P. WETZEL-CONNOR, | ) ) | Honorable James S. Cowlin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Hutchinson and Birkett concurred in the judgment and opinion.

**ORDER**

¶ 1   *Held*:   Trial court's detention order is affirmed.

¶ 2   In this interlocutory appeal, defendant, Dylan P. Wetzel-Connor, requests that we vacate the trial court's September 22, 2023, order, granting the State's petition to deny him pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] See also Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various

_____

[1]The Act is also commonly known as the Safety, Accountability, Fairness and Equity-

provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). Specifically, defendant contends that the court erred because, where he had been ordered released on cash bond prior to the Act's effective date of September 18, 2023, the State lacked authority to petition for his detention. For the following reasons, we affirm.

¶ 3                                      I. BACKGROUND

¶ 4     On February 2, 2023, the State charged defendant with manufacturing and delivering between 1 and 15 grams of cocaine, a Class 1 felony, as well as lesser charges. Defendant was incarcerated in the McHenry County jail but ordered released with the condition of posting a $100,000 bond.

¶ 5     On September 18, 2023 (*i.e.*, the day the Act became effective), defendant, who remained detained, moved pursuant to sections 110-7.5(b) and 110-5 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-7.5(b), 110-5 (West 2022)), as amended by the Act, for release from custody with, if necessary, conditions. He argued that he was unable to post the bond previously set and, further, that, because the court had already ordered his release on the condition of posting monetary bond, he was entitled, pursuant to section 110-5, to a hearing and release from custody with any conditions the court deemed appropriate. The motion addressed this case (No. 23-CF-114), as well as four other case numbers.

¶ 6     Apparently, the same day,[2] in case No. 23-CF-114, the State filed a petition to deny pretrial release, arguing that the charges against defendant were detainable under section 110-6.1(a)(8) of

_____

Today (SAFE-T) Act.

[2]The date on the motion in the record is unclear, but the State represents it was filed on September 18, 2023.

the Code (725 ILCS 5/110-6.1(a)(8) (West 2022)), because defendant posed a high likelihood of willful flight to avoid prosecution and was charged with a Class 3 or greater felony offense. Further, the State alleged, pursuant to section 110-10(b) (725 ILCS 5/110-10(b) (West 2022)), no condition or combination of conditions could mitigate the threat of willful flight.

¶ 7    On September 21, 2023, the trial court held a hearing.   Defense counsel informed the court that defendant had filed a motion for a hearing and release, and he acknowledged receipt of the State's verified petition to deny pretrial release.   The court stated that it would consider first the State's petition.

¶ 8    The State argued that, when defendant committed the charged Class 1 felony offense on January 31, 2023, he was on "pretrial release" and had: (1) a May 2022 felony charge, in case No. 22-CF-296; (2) a September 2022 charge featuring flight, in case No. 22-CF-775; and (3) a misdemeanor charge in October 2022, again involving flight.   Specifically, the State explained, over several months, based on information received by the McHenry County narcotics task force, defendant was investigated for involvement in the use and sale of cocaine.   During that investigation, police attempted to stop a vehicle defendant was driving, after it was observed in what appeared to be a drug transaction.   Instead of stopping the vehicle, defendant fled.   A warrant issued for his arrest for aggravated fleeing and eluding.   In addition to that warrant, defendant later fled from Fox Lake police, and a warrant for his arrest was sought by that department.   In addition to those two warrants, defendant had three other warrants out for his arrest for various crimes.   As such, officers from the McHenry County task force, aware of the underlying warrants for defendant, "had attempted to make contact with him, but he fled."   After he was observed entering a home, a search warrant issued, and, when the officers executed the warrant, defendant was located hiding and barricaded in a bathroom.   In plain view, there were

two glass smoking pipes with white residue and pieces of copper mesh with burnt residue in each. Based on the officers' experience, such pipes are used for smoking crack cocaine and methamphetamine, and copper mesh is used as a filler in crack cocaine pipes. In a small open bag on a table, there were containers with white residue, a black digital scale, and a metallic spoon with white powdery residue. The items all tested positive for cocaine and methamphetamine. Finally, three clear plastic baggies containing a white substance were located, and "defendant was observed smoking out of a glass smoking pipe consistent with a crack pipe blowing it in the officers' faces while he tried to negotiate with them." In sum, the State asserted that defendant barricaded himself in the bathroom when the officers tried to execute the search warrant, there were two pending warrants for his arrests for fleeing out of two different counties, and there is "nothing to assure that this defendant won't flee again or attempt to avoid appearing in court and answering for his charges."

¶ 9    Defense counsel argued that defendant was presumed innocent and that he was a longtime resident of McHenry County. Addressing the least restrictive means to assure defendant's presence in court, counsel noted that defendant would be living with his parents in McHenry County, and he requested that defendant instead be placed on electronic monitoring.

¶ 10    At the end of the hearing on September 21, 2023, the court granted the State's petition to detain. It found, based on the State's proffer, that it established a risk of willful flight by clear and convincing evidence. The court noted that the State outlined numerous instances of defendant intentionally trying to evade the police, and the court was convinced that defendant would take further steps to evade prosecution and thwart the judicial process. Upon inquiry by the court, and because the court granted the State's petition, defense counsel withdrew his petition with respect to the other four case numbers.

¶ 11    Although it was not denied on the record at the hearing, on September 21, 2023, the court entered a written order reflecting, in part, that the motion to modify pretrial release was heard and denied.

¶ 12    The next day, September 22, 2023, the court entered a written order, finding that the State met its burden of proof by clear and convincing evidence under the willful-flight standard that: (1) the proof is evident or the presumption great that defendant committed the offense of manufacturing or delivering 1-15 grams of cocaine; (2) defendant posed a real and present threat of willful flight; and (3) no condition or combination of conditions could mitigate the risk of willful flight.   Further, the court summarized in writing its findings and reasons for concluding that defendant should be denied pretrial release, including why less restrictive conditions would not prevent defendant's willful flight from prosecution,

"Reasons stated on the record.   Court found that defendant was charged with 23CF114 while on bond on several cases, including 22CF296, 22CF775, and 22CM677.   The allegations in 22CF775 and 22CM677 include fleeing/attempt [to] elude officer.   Defendant was also charged in 23CF120 shortly after being charged in the present case.   The articulable facts of the present case include defendant barricading himself in a bathroom to avoid detention when officers executed a search warrant on a residence he was believed and surveilled to be in.   These facts support the concern of defendant's willful flight."

¶ 13    On October 4, 2023, defendant, *pro se*, filed a notice of appeal.   Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023).   The template form that defendant completed represented only that, pursuant to sections 110-5, 110-6, and 110-6.1 of the "Pretrial Fairness Act," defendant was appealing the court's order denying pretrial release.   The form notice did not contain blank lines or spaces to

elaborate upon the bases for defendant's appeal. On November 14, 2023, defendant filed a memorandum in support of his appeal, and, on November 30, 2023, the State responded.

¶ 14                                     II. ANALYSIS

¶ 15                            A. Motion to Dismiss Appeal

¶ 16     Preliminarily, we address the State's motion to dismiss the appeal, which, on November 14, 2023, we ordered taken with the case. Specifically, the State argued that, under Rule 604(h)(2), the notice of appeal must describe the relief requested and the grounds therefore. Here, the State asserts, defendant's notice of appeal did not describe either. Accordingly, it requests that we dismiss the appeal.

¶ 17     We ordered defendant's response to the motion. In his response, defendant argues first that the State has forfeited any jurisdictional arguments, because it did not develop an argument, nor cite any cases, concerning jurisdiction. Second, defendant argues, "[t]he timely filing of a notice of appeal is the only jurisdictional step required to initiate appellate review." *People v. Lewis*, 234 Ill. 2d 32, 37 (2009). Rather, a notice confers jurisdiction if, "considered as a whole and construed liberally, it fairly and adequately identifies the complained-of judgment." *Id.* Here, defendant argues, the notice of appeal, construed liberally, identifies the complained-of judgment as the trial court's order denying his release. Although the notice did not list the relief sought, that relief, he contends, is obvious: vacatur of the detention order and a remand for further proceedings. As the question whether to detain defendant or release him was raised by the State's own petition, and as the hearing allowed the parties to present argument, defendant argues that the State cannot in good faith claim that it does not have notice of the judgment being appealed. Defendant notes that similar notices of appeal have been found sufficient to confer appellate jurisdiction, and he asks that we deny the State's motion to dismiss.

¶ 18   We deny the State's motion to dismiss.   Even if we decline to find forfeited the State's jurisdictional argument (for defendant is correct that its motion failed to provide relevant authority), we agree with defendant that a timely notice of appeal is the only jurisdictional step necessary to initiate our review.   *Id.*   The notice here is timely, and it apprises this court and the State that defendant is appealing the order denying him pretrial release.

¶ 19   Nevertheless, we agree with the State that the notice fails to comply with Rule 604(h)(2)'s requirement that it describe the grounds for the relief requested.   To be sure, this *pro se* defendant simply completed a template notice of appeal form that was provided to him and, therefore, the form's internal deficiencies should not be attributed to him personally.   However, the failure to describe the grounds for relief requested might, in some cases, ultimately impact an appellant's success on appeal, if the appellant opts not to file the memorandum allowed under Rule 604(h). For example, in *People v. Inman*, 2023 IL App (4th) 230864, the court noted that a defendant's form notice of appeal, upon which he had checked certain boxes without providing any description of the grounds for requested relief (unlike here, the template form in *Inman* allowed that opportunity), did not comply with Rule 604(h)(2).   *Id.* ¶¶ 8, 12.   We note, however, that, despite these deficiencies, the court did not dismiss the appeal, which is the result the State seeks here. Rather, the court noted that, where Rule 604 does not *require* a brief, but simply *allows* the appellant to file a memorandum to support the grounds for relief described in the notice of appeal, the absence of a memorandum or description in the notice puts the court in the position of serving as an advocate, trying to raise arguments on the appellant's behalf, which is certainly improper. *Id.* ¶ 13.   Accordingly, in such a scenario, the reviewing court essentially evaluates the record and defers to the trial court, presuming that it knew the law and properly applied it.   *Id.* ¶¶ 14-17.

¶ 20    Here, in contrast, while defendant's notice of appeal did not elaborate upon his grounds for requested relief (again, there was not even space provided to do so), he opted to file a memorandum describing those grounds.   We, therefore, are not in the position described by the court in *Inman*, either trying to develop arguments on defendant's behalf or simply deferring to the trial court and making presumptions.   Rather, both this court and the State are in receipt of defendant's grounds for requested relief.   Thus, we do not find the errors with his notice of appeal fatal to his arguments.   In sum, although the notice of appeal does not satisfy Rule 604(h)'s requirements, those defects are not jurisdictional ones and, so, we deny the motion to dismiss.

¶ 21                            B. Denial of Pretrial Release

¶ 22    Turning to the merits, defendant argues that the court erred in granting the State's petition to deny him pretrial release, because the statute does not allow the State to file a petition to detain against defendants who remain in custody after having been ordered released on the condition of depositing security.   Rather, defendant contends, the court should, instead, have held the hearing he requested under section 110-5 of the Code, concerning the conditions of his release.   In support, defendant notes that the statute specifically addresses defendants (like him) who were awaiting trial prior to the Act's effective date, and it divides those defendants into three categories, with the second category being applicable to him, *i.e.*, as a person who remained in pretrial detention, "after having been ordered released with pretrial conditions," including "depositing security."   725 ILCS 5/110-7.5(a)(b) (West 2022).   Defendant notes that the statute instructs that those defendants "shall be entitled to a hearing" pursuant to section 110-5(e) (725 ILCS 5/110-5(e) (West 2022)), where their conditions of bond will be refashioned without monetary considerations. In further support, defendant urges us to adopt the reasoning of the court in *People v. Rios*, 2023 IL App (5th) 230724, which determined that the Act did not authorize the State's petition and that

the defendant could either seek a hearing under section 110-5(e) or remain subject to the original bail order. *Id.* ¶¶ 12, 16-18. In sum, defendant argues that the statute does not contemplate punishing him with the revocation of his previously-set bond, where he has done nothing to violate the terms of that bond, and the court erred in allowing and granting the State's petition to detain. Defendant recognizes that he did not raise this issue before the trial court, so he requests that we review it for second-prong plain error and, alternatively, due to counsel's failure to move to strike the State's petition, as an ineffective-assistance-of-counsel claim. Finally, defendant notes that, if we determine that the State was permitted to petition to detain him, he relies on his arguments raised at the trial court hearing that it failed to establish by clear and convincing evidence that he was a flight risk.

¶ 23    Defendant's primary issue on appeal, *i.e.*, that the statute did not allow, under these circumstances, the State's petition to detain, such that the court had no proper basis upon which to grant that petition, is one of statutory construction that we review *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45. Moreover, under second-prong plain-error review, we consider a forfeited error where the error is so serious it deprived the defendant of a substantial right. *People v. Herron*, 215 Ill. 2d 167, 170 (2005). Finally, to prevail on a claim of ineffective assistance of counsel, a defendant must show that "counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Cathey*, 2012 IL 111746, ¶ 23 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

¶ 24    As defendant notes, in *Rios*, as well as a few subsequent decisions, the Fifth District has thoroughly reviewed the relevant statutes, as amended by the Act, and reasoned that, in the very narrow scenario concerning defendants who were: arrested and detained prior to the effective date

of the Act; ordered released on the condition of depositing bond and other conditions; remained detained when the Act took effect; and the State's petition did not satisfy the timing requirements or exceptions thereto under the Act, the untimeliness of the State's petition results in the trial court lacking authority to detain the defendants pursuant thereto. *Rios*, 2023 IL App (5th) 230724, ¶¶ 10-12, 16-18; see also *People v. Vingara*, 2023 IL App (5th) 230698, ¶¶ 18, 22-23; *People v. Council*, 2023 IL App (5th) 230716-U, ¶¶ 14, 18. Further, the *Rios* court recognized, as defendant notes here, that, under section 110-7.5(b), persons remaining in pretrial detention after January 1, 2023, after having been ordered released with pretrial conditions, "*shall be entitled* to a hearing under subsection (e) of Section 110-5." (Emphasis added.) *Rios*, 2023 IL App (5th) 230724, ¶¶ 13-14; 725 ILCS 5/110-7.5(b) (West 2023). Section 110-5(e), in turn, provides:

"(e) If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." 725 ILCS 5/110-5(e) (West 2022).

Thus, in the narrow circumstances before it, the *Rios* court held that the State's petition was untimely and that it did not have authority to petition to detain the already-detained defendant.

Rather, the defendant had two choices: (1) a hearing under section 110-5(e) to have pretrial conditions reviewed anew, without the imposition of a monetary bond as a condition of pretrial release; or (2) electing to remain subject to detention until such time as the previously-set monetary security might be paid, such that the defendant might secure release under the terms of the original bail order. *Rios*, 2023 IL App (5th) 230724, ¶¶ 16-18; see also *People v. Lippert*, 2023 IL App (5th) 230723, ¶ 12. However, and critically here, the *Rios* court also recognized that, if the defendant seeks a hearing to have his or her pretrial conditions reviewed anew, he or she "may be detained without any possibility of pretrial release." *Rios*, 2023 IL App (5th) ¶ 17. In other words, electing a hearing under the Act could still result in detention, but without the opportunity to post bond.

¶ 25   Here, the State does not assert that its petition was timely under section 110-6.1(c)(1), or that the exceptions to the timing requirements under section 110-6 apply. See 725 ILCS 5/110-6.1(c)(1), 110-6 (West 2022). In fact, the State recognizes defendant's reliance on *Rios*, and, while it does not expressly concede that its petition was untimely under the Act, it notes that *Rios* would "arguably" result in our vacating the pretrial detention order. However, the State asserts that we should instead follow *People v. Hayes*, 2023 IL App (4th) 230817-U, ¶ 5, as more factually similar, because the defendant there, like here, did not raise before the trial court his objections to the timeliness of the State's petition. The court in *Hayes* first found forfeited the defendant's argument that the trial court should not have proceeded on the State's petition to detain and then rejected his ineffective-assistance claim on the basis that, even if the defense counsel had moved to strike the State's petition, a hearing concerning pretrial detention would have been held on the defendant's own motion for pretrial release and, thus, he suffered no prejudice. *Id.* ¶¶ 11, 14. Likewise, the State argues, we should (1) find forfeited defendant's argument, since he did not

object to the hearing or the State's action of filing the petition to detain, (2) reject defendant's plain-error argument, because, if the court had not conducted the hearing on the State's petition, it would have done so on defendant's motion and, therefore, substantial rights were not affected; (3) reject defendant's ineffective-assistance claim, since he cannot establish prejudice on account that, if the State's petition had been stricken, the hearing would have proceeded on defendant's motion; and (4) affirm the court's detention findings. For the following reasons, we agree.

¶ 26 Preliminarily, we decline to follow *Hayes* in its application of forfeiture, and we remain mindful that forfeiture is a limitation on the parties, not this court. *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65 (recognizing that "forfeiture is a limitation on the parties and not the reviewing court, and we may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent" and electing to consider the merits of an issue due to a "unique situation"). Where, at the time defendant and the State filed their petitions, the procedures and provisions at issue were recently operative (indeed, they became effective the very day those petitions were filed), defendant quickly initiated this appeal and cases such as *Rios* had not yet been decided, we do not think it unreasonable that defendant did not raise his argument below. Further, it appears that, in *Rios* and *Vingara*, neither defendant raised their arguments before the trial court and neither appellate decision applied forfeiture; indeed, the court in *Vinagra* instead found second-prong plain error. See *Vingara*, 2023 IL App (5th) 230698, ¶¶ 12, 23. We do not think applying forfeiture here serves the interest of creating or maintaining a sound body of precedent. Thus, we choose not to find forfeited defendant's arguments. Nevertheless, we reject them.

¶ 27 A critical distinction between this case and, for example, *Rios* or *Vingara*, is that defendant here elected to file a motion for the court to review his pretrial conditions under section 110-5(e).

That motion effectively triggered consideration of defendant's release conditions under the *amended* Act, and, under the amended Act, the State may also petition the court to deny defendant's release altogether. See *People v. Kurzeja*, 2023 IL App (3d) 230434, ¶ 14 (holding that, if a defendant who was arrested prior to the implementation of the Act and remains in detention elects to file a motion to modify the conditions of pretrial release, the State may file a responding petition). Indeed, this possibility was essentially recognized by the court in *Rios*, where it explained that, if a defendant elects to petition to reopen the conditions for release, the result may be detention without any possibility of pretrial release. *Rios*, 2023 IL App (5th) ¶ 17. Moreover, we note that the cross-motions here required the court to consider many overlapping factors. In other words, the court's consideration of the State's arguments did not exceed the scope of defendant's own section 110-5(e) motion, because a section 110-5(e) hearing to "reopen" the conditions of release requires a court to determine what available conditions would reasonably ensure defendant's appearance, and, in doing so, considers the provisions of section 110-5(a) (725 ILCS 5/110-5(a) (West 2022)). See *Vingara*, 2023 IL App (5th) 230698, ¶ 22. Section 110-5(a), in turn, requires the court to consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[3] (4) the nature and seriousness of the specific, real and present threat to any person

---

[3]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, *** record concerning appearance at court proceedings" as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial,

that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2023). The statute lists no singular factor as dispositive. *Id.* Accordingly, where defendant moved to reopen the conditions of release and the hearing allowed the parties to argue, and the court to consider, both sides of that issue within the parameters of the Act's provisions, we will not find error with the court's decision to entertain the State's petition. As there is no error, there can be no plain error (*People v. Scott*, 2020 IL App (2d) 180378, ¶ 14),[4] and, because the result of the proceeding would not have been different, counsel was not ineffective for not moving to strike the State's pleading (*Cathey*, 2012 IL 111746, ¶ 23).

¶ 28 Next, defendant alternatively asserts broadly that we consider "the arguments he made below that the State failed to clearly and convincingly prove that he was a flight risk." He does not further develop his argument and, thus, we could find it forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. Nevertheless, our review of the record reflects defendant's few arguments concerning flight were that he was a longtime resident of McHenry County and would be living with his parents, such that less restrictive methods, such as electronic monitoring, could be used to assure his presence in court.

---

sentencing, appeal, or completion for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2023).

[4] See also *People v. Martin*, 2023 IL App (4th) 230826, ¶ 17, also rejecting, under similar circumstances, a defendant's request for plain-error review, but doing so on the basis that, even if the State's petition to deny the defendant pretrial release was improper, that fact was neither clear nor obvious on the day of the detention hearing.

¶ 29 We review the court's decision to deny pretrial release under a bifurcated standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Specifically, we review under the manifest-weight-of-the-evidence standard the court's factual finding that the defendant has a high likelihood of willful flight to avoid prosecution. *Id.* A finding is against the manifest weight of the evidence only where it is unreasonable or not based on the evidence presented. *Id.* We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release. *Id.* An abuse of discretion also occurs only when the trial court's decision is unreasonable. *Id.*

¶ 30 Here, the court's finding that the State established by clear and convincing evidence that defendant presents a likelihood of willful flight was not unreasonable. While a defendant's attempt to flee or hide while engaging in criminal behavior may not, in and of itself, always be sufficient to prove a high likelihood of flight to avoid prosecution, here, the State's proffer included evidence reflecting that defendant has a repetitive history of flight, as well as a substantial criminal history. Indeed, although defendant apparently argued that he was not a flight risk because he was a longtime resident of McHenry County, the court could have reasonably rejected this argument, as defendant's longtime resident status did not, apparently, previously dissuade his efforts to flee. In short, the court did not abuse its discretion in its decision denying pretrial release.

¶ 31                                    III. CONCLUSION

¶ 32 For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed.

¶ 33 Order affirmed.