2024 IL App (2d) 230579-U
No. 2-23-0579
Order filed March 1, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-826 |
| CASSANDRA L. BASS, | ) ) | Honorable Michael J. Chmiel, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The State failed to establish by clear and convincing evidence that the proof is evident or presumption great that defendant committed the offenses charged in this case; all other issues raised by defendant are moot.

¶ 2                                   I. INTRODUCTION

¶ 3   Defendant, Cassandra L. Bass, appeals an order of the circuit court of McHenry County granting the State's motion to detain her in accordance with section 110-6.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1 (West 2022) (we will refer to article 110 of the

Code as the "Pretrial Fairness Act" or "Act")).[1] For the reasons that follow, we reverse and remand, with directions.

¶ 4                                II. BACKGROUND

¶ 5     On August 24, 2023, a felony complaint charged defendant with aggravated identity theft (725 ILCS 5/16-30(b)(1) (West 2022)), a class 2 felony, and possession of a fraudulent identification card (15 ILCS 335/14B(b)(3) (West 2022)), a class 3 felony. A warrant for her arrest issued the same day, setting bond at $50,000, with 10% bail authorized. Defendant was arrested on December 1, 2023, and the State filed a petition to detain defendant at her initial appearance. The State's petition was simply a form reciting various provisions of the Act, in which the box indicating "The People believe that no condition or combination of conditions set forth in 725 ILCS 5/110-10(b) can mitigate the *** Defendant's willful flight for class 3 or greater felony offenses." The only assertion specific to defendant in the petition was that she had been charged with aggravated identity theft.

¶ 6     A detention hearing was held that day. As it relates to the charge on which defendant is detained, the State said:

> "Thank you, your Honor. We are filing for detention based on willful flight. The Defendant is charged with aggravated identity theft, based on the victim being 60 years or older. From the complaint, it's stated that the Defendant fraudulently obtained $4,000 from the victim. She is also charged with the possession of the fraudulent identification card."

---

[1]The Act has been referred to as the "Pretrial Fairness Act" and the "SAFE-T Act"; however, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

There is no other proffer to establish that this defendant committed the crimes with which she is charged. Nor was any written document tendered to the court describing the specifics of the alleged offense and defendant's relationship to it, such as a police synopsis. Nor is any such document contained in the record in this court.[2]

¶ 7     The State then began to address the issue of willful flight, observing that defendant had been charged "in ten criminal complaints out of multiple jurisdictions," involving "white collar type crimes, identity theft, [and] aggravated identity theft." Defendant had a "previous case from Indiana" and lived in Indiana. The State pointed out that defendant had "previous geographical movements in Indiana and Florida, and [had] been charged in this state with nine separate criminal complaints of very similar charges, including aggravated identity theft." Thus, it requested that "Defendant be detained pre-trial." The State also asserted that defendant "had bench warrants," which defendant disputes.

¶ 8     Defendant countered that the fact that she has other pending charges is not relevant to whether she would appear in this case. Instead, she urged that that proper inquiry is whether she had been engaging in conduct designed to thwart the judicial process. The defense argued that many of her previous charges were dismissed or nolle prossed, but also acknowledged that some were listed as having "no dispo"; however, she pointed out that none had yet resulted in a guilty finding.

---

[2]We note the file was impounded on August 24, 2023, by Judge Coppedge "until further order of court" when the complaint was sworn out and the warrant was issued for defendant. It appears the entire court file remains subject to the impound order.

¶ 9    A pretrial services report stated that defendant is 62 years old and has resided with her husband in Indiana for 30 years. They have three children and own their home. Defendant had been unemployed for 13 months at the time of the hearing. She had previously worked as a registered nurse at St. Anthony's Hospital in Crown Point, Indiana for 32 years, after which she "quit." She has a history of cocaine abuse. A pretrial risk assessment instrument placed defendant at a 6 on a scale of 0 to 14, which indicated that "no special conditions" of release were warranted. As for criminal history, the report indicated an Indiana case from 2009 that was dismissed. Also listed were numerous charges from 2023: one of which was dismissed [Charleston WV]; others stated "NO DISPO" [South Holland-June 29, 2023, Wheeling- June 29, 2023, Lemont- June 30, 2023] and a warrant was issued in Cook County on July 26, 2023 "BFW"; four charges were indicated "DISM/SUPERC" (presumably meaning superseded by indictment) [Joliet, Park Ridge, Lincolnwood, Glenview]. The pending charges from 2023 were all crimes against property, such as forgery, aggravated identity theft, theft over $10,000, aggravated theft, and burglary.

¶ 10    The trial court granted the State's petition. It explained:

"So I am going to order you detained until further proceedings can be had. For the record, I'm finding clear and convincing evidence, based upon what's in the file, including the report, the risk assessment, but also what the State has highlighted. What [defense counsel] says is true, these other allegations, they're allegations, that's all they are. But what the State has proffered, what they have argued, essentially, I think highlights some concerns for the Court. And with all of that said, I believe it's appropriate to have you held for the proceedings that have yet to come."

The trial court also issued a written order, which appears to be a preprinted form. In it, the court found, without further elaboration, that the State had proved by clear and convincing evidence that

the proof was evident or presumption great that defendant had committed the offense of aggravated identity theft; that defendant presented a risk of willful flight; and that no conditions could mitigate that risk. After the preprinted portion, the order also specifically added that its findings were "based on the court file and proffer by the State" and that it agreed "with what [had] been highlighted in the State's proffer."

¶ 11    Defendant filed a notice of appeal. The only issue identified in it is as follows:

"The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight. The defendant was detained because the court found she was a willful flight risk. The only evidence presented in court was that defendant had multiple pending cases in other counties. The state argued that this made her a flight risk. No evidence was presented that defendant had failed to appear in previous court cases or would not appear in this case or that she would intentionallly [*sic*] attempt to thwart the judicial process."

¶ 12                                   III. ANALYSIS

¶ 13    On appeal, defendant advances three issues. First, she contends that the State failed to meet its burden of establishing that the proof is evident or presumption great that she committed the offenses with which she is charged. Second, she argues that the State failed to prove she is a flight risk. Third, she asserts that the State did not show that no set of conditions could mitigate the risk of flight.

¶ 14    When the State seeks to detain a defendant awaiting trial, it must establish, by clear and convincing evidence, that "the proof is evident or the presumption great that the defendant" has

committed the charged offenses; that the defendant poses a threat to the safety of any persons or the community or is a risk to flee; and that no set of conditions could mitigate that threat to safety or risk of flight. See 725 ILCS 5/110-6.1(e) (West 2022). "Decisions regarding release, conditions of release, and detention prior to trial must be individualized, and no single factor or standard may be used exclusively to order detention." 725 ILCS 5/110-6.1(f)(7) (West 2022). Since the State must establish all these propositions (725 ILCS 5/110-6.1(e) (West 2022)), its failure to establish any one of them would preclude an order of detention. *People v. Jones*, 2024 IL App (2d) 230535-U, ¶ 19; see also *People v. Norris*, 2024 IL App (2d) 230338-U, ¶ 31. As we conclude that the State failed to provide clear and convincing evidence that the proof is evident or presumption great that defendant committed the charged offenses, we need not consider defendant's other claims of error. See *People v. Shannon*, 2024 IL App (5th) 231051, ¶ 17.

¶ 15    As a preliminary matter, we note that though defendant argues all three issues in her memorandum in support of her appeal, defendant's first issue is not mentioned in her notice of appeal. We note that Illinois Supreme Court Rule 604(h)(2) (eff. Oct. 19, 2023) requires that a defendant describe "the grounds for the relief requested." Accordingly, defendant's notice of appeal does not comply with Rule 604(h), at least as it pertains to the first issue. However, in *People v. Presley*, 2023 IL App (5th) 230970, ¶¶ 24-26, the Fifth District found that such an omission did not deprive it of jurisdiction and was not fatal as it resulted in no prejudice to the State. This court came to a similar conclusion in *People v. Wetzel-Connor*, 2023 IL App (2d) 230348-U, ¶ 19-20. Thus, as defendant has articulated her first argument in her supporting memorandum and the state had not explained how this prejudiced it, we will consider defendant's first argument.

¶ 16　Defendant also requests that we reconsider the standard of review we apply in these cases. Generally, a trial court's decision to detain a defendant is reviewed using a two-part standard of review. The manifest-weight standard applies to the trial court's factual determinations, including whether the proof is evident or the presumption great that the defendant has committed the charged offenses; that the defendant poses a threat to the safety of any persons or the community or is a risk to flee; and that no set of conditions could mitigate that threat to safety or risk of flight. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if an opposite conclusion to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 17　Defendant calls our attention to *People v. Saucedo*, 2024 IL App (1st) 232020, ¶ 64-123 (Ellis, J., specially concurring), where Justice Ellis argued that the *de novo* standard should apply in these cases. We note that the vast majority of cases considering the issue hold that some level of deference to the trial court's decision is appropriate. See *People v. Parker*, 2024 IL App (1st) 232164, ¶¶ 46-47 (collecting cases); *People v. Whitaker*, 2024 IL App (1st) 232009, ¶ 44 (collecting cases). But in this case, as we would reverse under either standard, we need not consider this issue further.

¶ 18　Having resolved the preliminary issues presented by defendant's appeal, we now turn to the merits. Defendant argues first that the State failed to meet its burden of proving by clear and convincing evidence that the proof was evident or the presumption great that she committed the charged offenses. See 725 ILCS 5/110-6.1(e)(1) (West 2022). Clear and convincing evidence

requires "more than a preponderance of the evidence" but "not quite approaching the beyond-a-reasonable-doubt standard necessary to convict a person of a criminal offense." *People v. Craig*, 403 Ill. App. 3d 762, 768 (2010). The Act specifically authorizes the State to proceed by way of proffer. 725 ILCS 5/110-6.1(f)(2) (West 2022). It also states that the rules of evidence do not apply to the detention hearing. See 725 ILCS 5/110-6.1(f)(5) (West 2022).

¶ 19    Courts have affirmed various forms of proffers from the State of evidence supporting the charges. See e.g., *People v. Saucedo*, 2024 IL App (1st) 232020, ¶¶ 5, 41 (highly detailed oral account from the State of the specific allegations); *People v. Bradford*, 2023 IL App (1st) 231785, ¶¶ 5-9, 34-36 (oral proffer from the State recapping a weeks long investigation by multiple officers including video evidence); *People v. Stock*, 2023 IL App (1st) 231753, ¶¶ 5-6, 13 (competing proffers by State and defense as to the facts of the case); *Trottier*, 2023 IL App (2d) 230317 (written synopsis prepared by the investigating law enforcement agency); *People v. Hernandez*, 2023 IL App (2d) 2303361-U, ¶ 6, (sworn law enforcement synopsis attached to State's petition). Courts have refused to require specific forms of proof. See *Bradford*, 2023 IL App (1st) 231785, ¶ 35 (rejecting the argument that affidavits from investigating officers were required). We have previously held that a police synopsis alone may be sufficient to sustain the State's burden. See, *e.g.*, *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24.

¶ 20    But to our knowledge, no court has affirmed the bare reference to only the conclusory allegations of the complaint without more as sufficient to meet the standard of the Act. The State's verified petition for detention sets forth no facts concerning the commission of the offenses. It states that defendant had been charged with aggravated identity theft and then recites relevant provisions of the Act. At the hearing, no police synopsis was proffered or contained elsewhere in the record on appeal. The State's Attorney merely noted the charges, specifically that defendant is

alleged to have fraudulently obtained $4000 from a victim over the age of 60 and that defendant is alleged to have possessed a fraudulent identification card. She then discussed defendant's criminal history and argued for detention. No specifics of the alleged crime beyond the allegations in the charging instrument and no explanation as to how the State intended to prove these charges at trial was presented to the court.

¶ 21   Affirming here would read out of section 110-6.1(e)(1) its requirement that the State bear the burden of setting forth clear and convincing evidence that the proof was evident or the presumption great that the defendant committed a detainable offense. 725 ILCS 5/110-6.1(e)(1) (West 2022). Thus, we hold that the allegations set forth in the complaint—and repeated in the petition to detain and the proffer at the hearing—are insufficient. *Cf. People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 18 ("[T]he fact that a person is charged with a detainable offense is not enough to order detention…."). Certainly, evidentiary detail is not required. But sufficient specific facts of the investigation and the case must be presented so that the court can intelligently assess the strength of the case against defendant and render its findings as to section 110-6.1(e)(1). In sum, the State has not carried its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the charged offenses in this case. The trial court's conclusion to the contrary is against the manifest weight of the evidence and is reversed.

¶ 22                                    IV. CONCLUSION

¶ 23   In light of the foregoing, the order of the circuit court of McHenry County is reversed and this cause is remanded for further proceedings. On remand, the trial court shall promptly hold a hearing to determine what conditions, if any, should be imposed upon defendant as a condition of pretrial release.

¶ 24    Reversed and remanded, with directions.